UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Frilando, #92239-071, *aka John Anthony Frilando,*             Petitioner,<br><br>vs.<br><br>United States of America,<br>            Respondent. | C/A No.: 4:10-1018-CMC-TER<br><br><br>Report and Recommendation |

This matter is before the court upon the *pro se* filing of a Petition for Writ of Error Coram Nobis. The petitioner is a federal inmate at FCI-Williamsburg which is located in the state of South Carolina. He is serving a 360 month sentence for violating sections of the United States Code. Petitioner's conviction and sentence were entered in the United States District Court for the District of South Carolina. The petitioner filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit on January 5, 1998. The appeal was dismissed as untimely. The petitioner then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 which was denied in April 2003. Petitioner subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in 2008 which was summarily dismissed. In 2008 and 2009, petitioner filed three motions in his closed criminal case: two motions to dismiss the indictment, and a motion to amend or correct the judgement. This Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

**STANDARD OF REVIEW**

Through the instant Coram Nobis petition, petitioner seeks to "correct" his sentence insofar as he contends that the sentencing court relied on the presentence report to establish facts that increased his sentence beyond the statutory maximum in violation of the Fifth and Sixth

Amendments, and the Due Process Clause. In determining whether a court must address a petition for Coram Nobis relief, it is appropriate to use the same analytical framework as applied when reviewing successive habeas corpus petitions pursuant to § 2255. *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998). Due to the distinct similarities between Coram Nobis proceedings and §2255 proceedings, § 2255 procedure is applied by analogy in Coram Nobis cases. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Accordingly, this court will treat the present Coram Nobis proceeding in the same manner as a habeas corpus petition pursuant to § 2255. Viewed as "essentially a remedy of last resort," *Fleming*, 146 F.3d at 89, a Writ of Error Coram Nobis is available only to those cases in which "errors . . . of the most fundamental character. . . rendered the proceeding itself irregular and invalid." *United States v. Mayer*, 235 U.S. 55, 69(1914). Coram Nobis relief is extremely rare and only granted "under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954); see also *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (stating that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." (quoting *United States v. Smith*, 331 U.S. 469 (1947))). Essentially, the writ is issued "to correct errors of fact unknown to the court at the time of the judgement, without fault of the defendant, which, if known would probably have prevented the judgment." *Morgan*, 346 U.S. at 516.

## DISCUSSION

Due to Petitioner's previous unsuccessful attempts at achieving post-conviction relief, this court must, before addressing the merits of the Coram Nobis petition, determine whether the current petition is even properly before the court. *Durrani v. United States*, 294 F.Supp. 2d 204, 209 (2003); see also *Morgan*, 346 U.S. at 512 (stating that Coram Nobis is available only when no other remedy is available and sound reasons exist for failure to seek appropriate earlier relief); *Wills v. United*

*States*, 654 F.2d 23 (8th Cir. 1981)5("[C]oram nobis may not be used to relitigate matters raised in a § 2255 motion."). As noted above, courts apply the analysis used in § 2255 proceedings to determine the propriety of a Coram Nobis petition. See *Blanton v. United States*, 94 F.3d at 235 (recognizing that "because of the similarities between coram nobis proceedings and §2255 proceedings, the § 2255 procedure is often applied by analogy in coram nobis cases.").

In accordance with § 2255 procedure, the *Durrani* court devised a test to determine whether consideration of a Coram Nobis petition is necessary. Under the *Durrani* test, courts will refuse to entertain a petition if: "(1) the same grounds presented in the current petition were determined adversely to petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the 'ends of justice' would not be served by reaching the merits of the repetitive grounds in the current petition." *Durrani*, 294 F.Supp. 2d at 210; *Saunders v. United States*, 373 U.S. 1, 15(1963) (setting the standard for determining the propriety of successive habeas corpus petitions); *United States ex rel. Schnitzler v. Folette*, 406 F.2d 319, 322 (2d Cir.1969)(reversing a district court's decision to entertain a habeas corpus application when the application was factually and legally identical to one previously rejected on the merits by the Second Circuit). In *Sun v. United States*, the court acknowledged that Coram Nobis relief is "only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable." *Sun v. United States*, 342 F. Supp. 2d 1120, 1126 (N.D. Ga. 2004). The *Durrani* court implemented further standards upon Coram Nobis petitioners by noting that a petitioner bears the burden of demonstrating that: "(1) sound reasons exist for his failure to seek appropriate relief earlier; (2) he continues to suffer legal consequences from his conviction that may be remedied by granting of the writ; and (3) granting such relief is necessary under the circumstances to achieve justice." *Durrani*, 294 F. Supp.2d at 212.

Applying these standards to the case at bar, it is clear that the court should not entertain the merits of the current petition. First, as noted above, petitioner unsuccessfully appealed his conviction to the Fourth Circuit in 1998. In 2003, petitioner attempted to challenge his conviction by filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.§ 2255. The Section 2255 motion was denied, an appeal of the motion was dismissed, and a certificate of appealability was denied. Then, in 2008, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 which was summarily dismissed. Based on this lengthy history of post conviction challenges, it is clear that petitioner has exhausted his opportunity to challenge his conviction, and at this point, Coram Nobis relief would only be appropriate if the challenge were based on grounds newly realized after a completed sentence or under a change of law. See *Sun*, 342 F. Supp. 2d at 1126 ["As an extraordinary remedy, the writ of error coram nobis may not be used to relitigate matters that have already been put in issue and determined."].

Petitioner insists that the sentencing court relied on the presentence report to establish facts that increased his sentence beyond the statutory maximum in violation of the Fifth and Sixth Amendments, and the Due Process Clause. Essentially then, petitioner contends that he is serving an unlawful and unconstitutional sentence which exceeds the maximum allowed by the applicable guideline range because his indictment failed to specify a drug quantity. Thus, he argues the length of his sentence, due to enhancements not based on facts presented to a jury, violates the holdings in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) (hereinafter "*Apprendi*") and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005) (hereinafter "*Booker*"), although petitioner fails to cite these cases in his petition.

In any event, the Fourth Circuit has held that *Apprendi* and *Booker* are not retroactive and not available for post-conviction relief for federal prisoners whose convictions became final before

*Booker* was decided. See *United States v. Morris*, 429 F. 3d 65, 72 (4th Cir. 2005). Additionally, there is nothing in the *Booker* decision that permits a petitioner to "preserve" his right to make a challenge to a conviction that was final before *Booker* was decided. Finally, petitioner has already raised his *Apprendi* and *Booker* arguments in his § 2255 motion. Thus, applying the test set forth in *Durrani*, *supra*, this issue has already been ruled upon, and petitioner is therefore barred from relitigating this claim. In the absence of new credible evidence or a change of law which applies to his case, petitioner's request for Writ of Error Coram Nobis is procedurally barred. See *Durrani*, 294 F. Supp.2d at 212. Therefore, because petitioner had ample opportunity on direct appeal and in his previous § 2255 petition to raise these issues, and did so, this court need not address the merits of the instant petition for Writ of Error Coram Nobis.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above captioned case without issuance and service of process.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 4, 2010  
Florence, South Carolina

*__The petitioner's attention is directed to the important NOTICE on the next page__*.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).