IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Frilando, #92239-071, a/k/a John Anthony Frilando, | C/A NO. 4:10-1018-CMC-TER |
| Petitioner, | |
| v. | **OPINION and ORDER** |
| United States of America, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* application for Writ of Error Coram Nobis.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On August 4, 2010, the Magistrate Judge issued a Report recommending that the application be dismissed without prejudice and without issuance and service of process upon Respondent. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on August 10, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. However, the court declines to adopt the analysis of the Report.

A writ of error coram nobis is available only to those individuals who have completed their sentences and have no other recourse for challenging their conviction. *See United States v. Morgan*, 346 U.S. 502, 509 n.15, 511-12 (1954) (To the extent that the writ of coram nobis retains vitality in criminal proceedings, such relief is limited to (1) errors "of the most fundamental character" that render the proceeding invalid, (2) situations where there are sound reasons for the failure to seek earlier relief, and (3) instances when the defendant continues to suffer from his conviction even though he is out of custody); *see also United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988) (same); *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005) ("Coram nobis is an 'extraordinary remedy' authorized under the All Writs Act, 28 U.S.C. § 1651(a), generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable *because petitioner is no longer serving a sentence*.") (emphasis added) (quoting *Morgan*, 346 U.S. at 511). Therefore, while the undersigned finds that this matter should be dismissed without prejudice and without issuance and service of process upon Respondent, the court finds that because Petitioner is still in custody, the writ of error coram nobis is not available to him.

Petitioner challenges the validity of his sentence, arguing that the sentencing court erred in relying on the Presentence Report (PSR) to establish facts that increased his sentence beyond the

2

statutory maximum in violation of the Fifth and Sixth Amendments and the Due Process Clause. Petitioner's application is, in reality, a second or successive motion for relief filed in this court pursuant to 28 U.S.C. § 2255. Petitioner's failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the petition in the district court is fatal to the outcome of any action on the petition in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Petitioner must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

This action is dismissed without prejudice and without issuance and service of process.[1]

---

[1] To the extent this matter is construed as a successive motion for relief under 28 U.S.C. § 2255, the governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 12, 2010

C:\Documents and Settings\des48\Local Settings\Temp\notesFCBCEE\10-1018 Frilando v. USA coram nobis decline adopt RR dism wo svc wo prej.wpd